# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

IN RE:                                                    Case No. 21-80226-BPC
                                                          Chapter 13
DAVID PAUL TICE,

  Debtor.


## MEMORANDUM OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM

This matter is before the Court on Trustee's Objection to Claim filed by Lambert Transfer & Storage, Inc. ("Lambert").  (Doc. 35).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  The Court has reviewed the pleadings, record, and arguments presented.  For the reasons set forth herein, Trustee's Objection to Claim is due to be sustained.

## I.      Procedural History and Overview of Facts

As an initial matter, an evidentiary hearing was not held in this case.  Debtor provided State Court documents in support of his response, and Lambert did not object to the authenticity of those documents.  Moreover, with regard to these documents and other filings within this case, the Court can take judicial notice of filings on record.  *United States v. Rey*, 811 F.2d 1453, 1457 fn 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (Noting a court may take judicial notice of facts that are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned."); FED. R. EVID. 201(b).

Debtor filed his chapter 13 petition and plan on March 25, 2021. (Docs. 1 and 5). The meeting of creditors was first set on April 20, 2021, and the deadline for filing proofs of claim was set for June 3, 2021 (the "Bar Date"). (Doc. 6). Debtor's chapter 13 plan was confirmed on May 23, 2021, with payment to unsecured creditors at a rate of 100%. (Doc. 22). Lambert filed its claim in the amount of $18,870.34 on December 3, 2021 (the "Claim"). (Claim No. 10). Subsequently, Trustee filed the underlying Objection to Claim requesting that the Claim be disallowed as late-filed. (Doc. 35).

The Claim arises from a consent judgment in favor of Lambert and against Debtor entered on February 3, 2021, in the District Court of Lee County, Alabama at Case No. DV-2020-900472.00 (the "State Court Case"). (Doc. 36). On Schedule E/F, Debtor identifies Lambert as an unsecured creditor and provides for notice at "Lambert Transfer & Storage, Inc., c/o Capell & Howard, P.C., 150 South Perry Street, Montgomery, AL 36109." (Doc. 1). Debtor lists the same address for Lambert on the Creditor Matrix. *Id.* Additionally, Form 309I, which sets forth the Bar Date, was mailed by the Court to Lambert, c/o Capell & Howard, P.C., 150 South Perry Street, Montgomery, Alabama 36104-4227. (Doc. 9).

Capell & Howard, P.C. ("Capell & Howard") represented Lambert in the State Court Case. (Doc. 38, Ex. A). The same day he filed his bankruptcy petition, Debtor filed a Notice of Bankruptcy in the State Court Case. (Doc. 38, Ex. B). The next day, an order entered in the State Court Case staying post-judgment proceedings pending Debtor's bankruptcy case. (Doc. 38, Ex. E). A Garnishee Release was filed on behalf of Lambert in the State Court Case on March 31, 2021. (Doc. 38, Ex. D). The Garnishee Release expressly states "Defendant has filed for bankruptcy." *Id.*

## II. Analysis and Conclusions of Law

Section 502(b)(9) of the Bankruptcy Code provides for disallowance of a claim if "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002(c) provides that, with certain enumerated exceptions, a proof of claim in a chapter 13 case is timely filed if it is filed not later than 70 days after the order for relief. FED. R. BANKR. P. 3002(c). Read in conjunction, the Code and Rules leave little to no discretion for a bankruptcy court to allow a late-filed claim in a chapter 13 case absent the few expressed exceptions for an extension set forth in Rule 3002(c). *See* 11 U.S.C. § 502(b)(9); FED. R. BANKR. P. 3002(c) and 9006(b)(3); *see In re Sherman*, No. 9:18-BK-5658-FMD, 2019 WL 10733907, at *1 (Bankr. M.D. Fla. Oct. 22, 2019) (Noting a court "may enlarge the time for filing a claim under Rule 3002(c) 'only to the extent and under the conditions stated' in Rule 3002(c). The 'conditions stated' in Rule 3002(c) to enlarge a Chapter 13 claims bar date are 'static' and do not include a discretionary category."). Thus, this Court has consistently upheld a strict adherence to the bar date in chapter 13 cases.

The Bar Date for filing proofs of claim was June 3, 2021, and Lambert filed its claim six months later on December 3, 2021. While there is no dispute the Claim is untimely, Lambert contends that notice of the Bar Date was not sufficient under Rule 1007(a). Specifically, Lambert argues the notice was insufficient because Debtor didn't list its "office address," but instead Debtor listed "c/o Capell & Howard." (Docs. 36 and 45). Lambert further argues Debtor did not identify a specific attorney at the law firm and used the incorrect zip code. *Id*. Lambert also contends that there would be no irreparable harm to Debtor should the untimely proof of claim be allowed. *Id*. At the hearing, Debtor and Trustee dispute there would be no harm because allowing Lambert's claim this late in the case would render the plan infeasible. Nevertheless, while it may be a factor to consider, a lack of irreparable harm is not the standard for allowing a late-filed claim. Instead,

the Court may only extend the time to file a proof of claim under Rule 3002(c)(6)(A) if it finds "the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses as required by Rule 1007(a)." FED. R. BANK. P. 3002(c)(6)(A).

Lambert did not file a motion to extend the Bar Date prior to filing the Claim per Rule 3002(c)(6), but the Court construes its response to Trustee's Objection to Claim as such a request. Because Rule 3002(c)(6) is permissive and not mandatory, a court may decline to extend a creditor's request even in the absence of sufficient notice. FED. R. BANK. P. 3002(c)(6)(A) (stating "the court *may* extend the time". . . [t]he motion *may* be granted if the court finds that . . . the notice was insufficient under the circumstances") (emphasis added); *In re Fitzgerald*, No. 8:19-BK-07741-RCT, 2020 WL 5745973, at *4 (Bankr. M.D. Fla. May 18, 2020). In a case with a similar issue, but different facts, the court in *In re Fitzgerald* outlined several factors to weigh in determining whether to allow an extension and specifically noted that actual notice of the bankruptcy should be considered even though that issue was not before the court.[1] 2020 WL 5745973, at *4. Because it is relevant here, this Court finds that whether Lambert had actual notice and knowledge despite any inaccuracies weighs heaviest in the analysis.

Debtor's plan was confirmed on May 23, 2021. The Claim was not filed until six months after the Bar Date and Lambert's request for an extension only came by way of response to

---

[1] *In re Fitzgerald*, 2020 WL 5745973, at *4 ("In the chapter 13 context, factors to be considered include: (i) whether a chapter 13 plan has been confirmed, (ii) whether the failure to list the creditor properly was the result of inadvertence or was ill-intentioned, (iii) whether the creditor acted diligently in bringing its motion under Rule 3002(b)(6), (iv) whether the inclusion of the creditor's claim among allowed claims at that juncture in the case would significantly prejudice other creditors or make untenable the chapter 13 trustee's administration of the case, (v) whether the extension of the bar date would prove futile, as where the claim would be disallowed for a reason other than untimeliness, and (vi) whether the denial of an extension would likely subject the debtor to additional proceedings which might prove costly, frustrate the debtor's efforts to perform under the chapter 13 plan, or impair the debtor's fresh start should a discharge be obtained. Though not at issue in this case, the court also should consider whether the creditor had actual notice of the bankruptcy notwithstanding the failure to include or accurately list the creditor on the Matrix.") (citations omitted).

Trustee's Objection to Claim. Thus, Lambert did not act diligently in bringing its request for an extension pursuant to Rule 3002(c)(6). Allowing the Claim at this point in the case would render Debtor's plan infeasible and require an increase in payments. The facts of this case do not support Debtor negligently or intentionally served Lambert at an incorrect address. Instead, Debtor timely filed the necessary Rule 1007(a) filings listing Lambert's address "c/o Capell & Howard" which mirrored the party information provided in the State Court Case still pending at the time of his bankruptcy filing. (Doc. 38, Ex. A). While notice to counsel may not always be the best method, Debtor's service attempts here were reasonable under the circumstances. Moreover, Debtor made no attempts to conceal his filing but promptly notified parties in the State Court Case of his petition by filing a Notice of Bankruptcy in the State Court Case on the same day he filed his petition in bankruptcy court. (Doc. 38, Ex. B). This Notice included Debtor's bankruptcy case number. While Lambert contends it did not receive formal notice of the Bar Date, it cannot dispute that its attorneys from Capell & Howard had actual notice and knowledge of the bankruptcy filing. Specifically, the Garnishee Release filed on behalf of Lambert in the State Court Case within a week of Debtor's bankruptcy filing, expressly acknowledged: "[Debtor] has filed for bankruptcy." (Doc. 38, Ex. D). The facts of this case indicate Lambert had sufficient notice prior to the Bar Date to timely file the Claim, and an extension under Rule 3002(c)(6) is not warranted in this case.

Lambert maintains it never received formal or electronic notice of Debtor's bankruptcy filing or the Bar Date from the Court due to the incorrect zip code and/or failure to list a specific attorney at the law firm's address. However, service need not be perfect in order to satisfy due process. Constitutional due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S.

306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In the bankruptcy context, constitutional due process requires only actual knowledge of an individual debtor's bankruptcy case generally, not formal notice of the bar date itself. *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988) ("[M]ere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates."); *In re Ford Business Forms, Inc.*, 180 B.R. 294, 295 (Bankr. S.D. Fla. 1994) ("11 U.S.C. § 523(a)(3)(B) requires a creditor in a case involving an individual debtor to file claim by the claims bar date if the creditor has actual knowledge of the case even if the creditor has not received formal notice of the claims bar date."). Thus, mere knowledge of an individual chapter 13 debtor's pending bankruptcy case is sufficient to put a creditor on notice to affirmatively protect its rights by informing itself of applicable deadlines. After listing Lambert in his bankruptcy petition and schedules, Debtor filed a Notice of Bankruptcy in the State Court Case the same day. The filings in the State Court Case confirm that, at a minimum, Capell & Howard had knowledge of the bankruptcy case even though it did not receive formal notice from the Court.

While the Court struggles to understand how Lambert itself did not possess actual knowledge of Debtor's bankruptcy case given the Notice of Bankruptcy filed in the State Court Case by Debtor, the Order by the State Court staying post-judgment proceedings, and the Garnishee Release filed on behalf of Lambert in the State Court Case, there was no evidence presented to the Court as to this issue. Assuming Lambert lacked any notice or knowledge of Debtor's bankruptcy case, there is no dispute that Capell & Howard had actual knowledge of Debtor's bankruptcy filing prior to the Bar Date with ample time to protect Lambert's rights. Therefore, the next inquiry is whether actual notice of the pending bankruptcy by Lambert's attorneys in the State Court Case can be imputed to Lambert.

The general rule is that notice served upon a party's counsel satisfies any requirement to give notice to the party because "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92, 111S.Ct. 453, 112 L.Ed.2d 435 (1990) (citations omitted). This general rule for imputing an agent's knowledge to a creditor extends to bankruptcy proceedings. *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir. 1982) ("In most of the cases where an agent's knowledge of bankruptcy proceedings is imputed to a creditor, the agent is an attorney who has been authorized either to collect the balance due on a defaulted debt or represent the creditor in bankruptcy proceedings."). An attorney does not have to be retained to represent the creditor in a bankruptcy case for this rule to apply, but there must be some "nexus between the creditor's retention of the attorney and the creditor's claim against the debtor." *In re San Miguel Sandoval*, 327 B.R. 493, 508 (B.A.P. 1st Cir. 2005); *In re Schicke*, 290 B.R. 792, 803 (B.A.P. 10th Cir. 2003) ("[A]n attorney who represents the creditor in matters against a debtor prepetition, such as in obtaining or collecting a judgment that will be affected by discharge, will be an agent of the creditor in the context of a debtor's bankruptcy case."). When counsel is retained to represent a creditor for the purpose of obtaining or collecting a debt outside of bankruptcy, counsel's notice of the bankruptcy petition can be imputed to the creditor as it is reasonable to assume that notice to counsel will be relayed to the creditor. *In re Schicke*, 290 B.R. at 803; *In re Herman*, 737 F.3d 449, 454 (7th Cir. 2013); *In re Linzer*, 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001).

The Court is careful to note that not every attorney for a creditor in a non-bankruptcy matter is capable of imputing knowledge of a bankruptcy to a creditor client. But here, Capell & Howard represented Lambert in its post-judgment collections of the underlying debt giving rise to

Lambert's claim against Debtor. Capell & Howard served as counsel in the pending State Court Case, and at a minimum, notice of Debtor's bankruptcy petition was provided to those attorneys through filings in the State Court Case where collection of the relevant debt was taking place. Capell & Howard had actual knowledge of Debtor's bankruptcy court filing. The facts support that Capell & Howard is an agent of Lambert authorized to collect the balance due on a defaulted debt outside of bankruptcy and capable of imputing knowledge of Debtor's bankruptcy case to Lambert. Under the circumstances of this case, it was reasonable for Debtor to assume that notice to Capell & Howard would be relayed to Lambert when he listed "c/o Capell & Howard" at the address of record in the pending State Court Case. The filings in the State Court Case and this Court do not support that Debtor was hiding his bankruptcy filing or attempting to prevent Lambert from receiving formal notice. The facts further support that Capell & Howard knew of Debtor's bankruptcy case at least two months prior to the Bar Date and that knowledge was imputed to Lambert as a result of the existing agency relationship. Lambert had an affirmative obligation to protect its rights by timely filing a proof of claim.

## III. Conclusion

Based upon the foregoing, Trustee's Objection to the Claim is SUSTAINED and the Claim is DISALLOWED.

Done this 22nd day of February, 2022.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c:       Debtor
         David S. Clark, Attorney for Debtor
         Lambert Transfer & Storage, Inc., Creditor

Richard B. Lawson, III, Attorney for Creditor
Trustee